UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 05-74493 |
| | : | |
| BRADLEY T. SMITH | : | Chapter 13 |
| | : | |
| Debtor(s) | : | Judge: John E. Hoffman Jr. |

**CREDITOR SECURITIES AND EXCHANGE COMMISSION'S
MOTION TO DISMISS OR CONVERT
BRADLEY T. SMITH'S CHAPTER 13 CASE**

Creditor U.S. Securities and Exchange Commission ("SEC" or "Commission") hereby moves this court, pursuant to Sections 109(e) and 1307(c) of the Bankruptcy Code [11 U.S. C. §§ 109(e) and 1307(c)], for entry of an order dismissing debtor Bradley T. Smith's ("Smith") Chapter 13 case on the grounds that Smith is not eligible to be a debtor under Chapter 13 because his noncontingent, liquidated unsecured debt as of the petition date exceeded the $307,675 limitation imposed by Section 109(e) of the Bankruptcy Code. In support of the motion, the SEC has simultaneously filed herewith a memorandum of law and exhibits. To summarize the factual basis for the motion, which is set forth more fully in the memorandum of law, the SEC states as follows:

1. On October 14, 2005 (the "Petition Date"), Smith commenced this case by filing a petition for relief under Chapter 13 of the Bankruptcy Code.

2. More than a year prior, on August 11, 2004, the Commission had commenced a civil enforcement action against Smith and certain entities under his control in the U.S. District Court for the Southern District of Ohio, styled as SEC v. Bradley T. Smith et al., 2:04-cv-00739 (S.D. Ohio).

3. In its lawsuit, the SEC alleged that Smith and his entities violated the antifraud provisions of the federal securities laws in connection with two private offerings conducted by Smith through two of his entities, Continental Midwest Financial, Inc. ("Continental") and Scioto National, Inc. ("Scioto"). The offerings and fraudulent conduct giving rise to the SEC's lawsuit occurred during the period from early 2002 through July 2004.

4. The SEC sought various forms of relief against Smith and his entities, including disgorgement of the ill-gotten proceeds from the two offerings which, as alleged in the complaint, amounted to more than $2 million.

5. On May 13, 2005, approximately five months prior to the Petition Date, the SEC filed a motion for summary judgment seeking a finding of liability against Smith both for securities fraud and also as a control person of Continental and Scioto, and also seeking, among other things, an order requiring Smith, jointly and severally with Continental and Scioto, to disgorge to the SEC the proceeds of the two offerings which the SEC had determined, and which Smith did not dispute, was $2,095,517. The SEC also sought prejudgment interest on this amount, civil penalties and injunctive relief.

6. On September 27, 2005, approximately three weeks prior to the Petition Date, the district court entered an Opinion and Order in which he found Smith liable for fraud in connection with the two offerings, and also as a control person of Continental and Scioto. The court did not rule on the issues relating to remedies in this Opinion and Order, instead scheduling an evidentiary hearing concerning all of the relief sought by the SEC.

7. On September 30, 2005, still almost three weeks prior to the Petition Date, the SEC, Smith and the other defendants named in the lawsuit jointly filed a proposed Final Pretrial Order. In the Final Pretrial Order, the SEC again sought disgorgement against Smith in the

amount of $2,095,517. Again, Smith did not dispute this amount, nor did he dispute the SEC's legal basis for recovery of these proceeds based on the earlier fraud finding by the district court.

8. Plainly, Smith's unsecured debt to the SEC for $2,095,517 was, as of the Petition Date, both noncontingent (because all of the events giving rise to the liability occurred prior to commencement of the lawsuit, and well before the Petition Date) and liquidated (since there was never any real dispute as to the basis and exact amount of the SEC's disgorgement claim).

9. On his schedules filed in this proceeding on October 28, 2004, Smith failed to disclose the amount of this $2,095,517 noncontingent, liquidated, unsecured debt.

10. Subsequent to the Petition Date, on December 6, 2005, Smith stipulated to this same disgorgement amount, and the Court entered a Final Judgment against Smith on that same date which included an order requiring Smith to disgorge the $2,095,517 that the SEC had been seeking all along, and as to which there was never any factual dispute.

11. Smith's noncontingent, liquidated, unsecured debt to the SEC for disgorgement in the amount of $2,095,517, as of the Petition Date, far exceeded the allowable debt limit of $307,765 for Chapter 13 relief. The Court therefore should dismiss Smith's Chapter 13 case or convert it to a case under Chapter 7.

12. Finally, the SEC seeks expedited consideration of this matter pursuant to Local Rule 9073-1, for the reasons set forth in a separate motion filed pursuant to that Rule.

**Conclusion**

WHEREFORE, for the reasons set forth in this motion and the accompanying memorandum of law, creditor SEC respectfully requests that the Court grant this motion and dismiss Bradley T. Smith's Chapter 13 case.

Respectfully submitted,

For Creditor U.S. Securities and Exchange Commission:

Dated:   February 13, 2006

/s/ Angela Dodd_____
Angela D. Dodd
IL Bar No. 6201068
Tel. No: 312-353-7400
dodda@sec.gov


/s/ Sonia Chae_____
Sonia A. Chae
IL Bar No. 6199271
Tel. No: 312-353-6269
chaes@sec.gov


/s/ Steven Levine_____
Steven J. Levine
IL Bar No: 6226921
Tel. No: 312-886-1774
levines@sec.gov

U.S. Securities and Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago IL 60604
Fax No. 312-353-7398

# CERTIFICATE OF SERVICE

I, Angela D. Dodd, do hereby certify that a copy of the foregoing CREDITOR SECURITIES AND EXCHANGE COMMISSION'S MOTION TO DISMISS OR CONVERT BRADLEY T. SMITH'S CHAPTER 13 CASE was served on the parties that receive electronic notification in these proceedings, and, with respect to the parties listed below, I caused a copy to be sent by First Class Mail on this day of February 13, 2006.

# SERVICE LIST

| | |
|---|---|
| Bradley Smith | Office of the U.S. Attorney |
| 26 Nottingham Rd. | 303 Marconi Blvd. |
| Columbus, OH 43214 | Suite 200 |
| | Columbus, OH 43215 |

/s/ Angela Dodd_____
Angela D. Dodd
for the Securities and Exchange Commission