UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 05-74493 |
| | : | |
| BRADLEY T. SMITH | : | Chapter 13 |
| | : | |
| Debtor(s) | : | Judge: John E. Hoffman Jr. |

**CREDITOR SECURITIES AND EXCHANGE COMMISSION'S
MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS OR CONVERT
BRADLEY T. SMITH'S CHAPTER 13 CASE**

The United States Securities and Exchange Commission ("SEC" or "Commission"), an

unsecured creditor holding a $2,414,197.72 judgment against Bradley T. Smith ("Smith"),

submits this memorandum of law in support of its motion for entry of an order dismissing

Smith's Chapter 13 case pursuant to Sections 109(e) and 1307(c) of the Bankruptcy Code [11

U.S.C. §§ 109(e) and 1307(c)] on the grounds that Smith is ineligible for relief under Chapter 13

because he owed, on the date of the filing of his petition, noncontingent, liquidated unsecured

debt far in excess of the $307,675 limitation imposed by Section 109(e) of the Bankruptcy Code.

**FACTUAL AND PROCEDURAL BACKGROUND**

**The Chapter 13 Case**

On October 14, 2005 ("Petition Date"), Smith filed a petition for relief under Chapter 13

of the Bankruptcy Code. On October 28, 2005, Smith filed schedules of assets and liabilities. In

the schedules, Smith listed noncontingent, liquidated, unsecured debts totaling $258,184.13.

Smith did not list any specific amount associated with the SEC's claim against Smith, and

designated the claim as noncontingent and unliquidated. As demonstrated below, however, as of

the Petition Date, the SEC in fact held a noncontingent, liquidated, unsecured claim for

disgorgement against Smith totaling $2,095,517.[1]  The SEC has timely filed a proof of claim,

which is part of the electronic docket in this case.

**The Commission's Claim**

On August 11, 2004, more than a year before the Petition Date, the Commission

commenced a civil enforcement action against Smith in the U.S. District Court for the Southern

District of Ohio, styled as SEC v. Bradley T. Smith et al., 2:04-cv-00739 (S.D. Ohio).  On June

3, 2005, with leave of court, the Commission filed its second amended complaint (the

"complaint"), which is the operative complaint in the SEC's civil enforcement action, alleging

that Smith committed securities fraud in connection with two private offerings.  A copy of the

complaint and the court's order granting the SEC leave to file it are attached hereto as Exhibits A

and B.  In the complaint, the SEC alleged, among other things, that Smith and two entities under

his control – Continental Midwest Financial, Inc. ("Continental") and Scioto National, Inc.

("Scioto") -- had raised approximately $2 million through two fraudulent private offerings during

the period from early in 2002 up to the filing of the SEC's lawsuit.  (See Ex. A, ¶¶ 1-3 and 16-

27).  In the complaint, the SEC sought disgorgement of all amounts raised through these

offerings, prejudgment interest on the disgorgement, and a third-tier civil penalty pursuant to

Section 21(d)(3) of the Securities Exchange Act of 1934.  (See Ex. A, p. 14).

On May 13, 2005, approximately five months prior to the Petition Date, the SEC filed a

motion for summary judgment along with a supporting memorandum of law.  A copy of the

motion and memorandum of law are attached hereto as Exhibits C and D.  In the memorandum

---

[1]  The SEC also sought, and ultimately obtained, prejudgment interest (in the amount of $198,679 at time of
judgment) and civil penalties (in the amount of $120,000), in addition to this disgorgement amount.  The SEC
believes that these alleged debts were also noncontingent and liquidated as of the Petition Date.  However, given the
size of the liquidated and noncontingent disgorgement claim, and for purposes of simplifying the motion, the SEC is
not relying upon, and the Court need not consider, the Commission's prejudgment interest and civil penalty claims
as a basis for the relief sought herein.

of law, the SEC made clear the precise amount that it was seeking against Smith.  It requested an

order finding Smith liable, jointly and severally with Continental and Scioto, for disgorgement of

$2,095,517, the full amount raised in the two offerings, plus prejudgment interest on this

disgorgement amount, and a civil penalty in the amount of $120,000.  (See Ex. C, pp. 26-31).

On September 27, 2005, approximately three weeks prior to the Petition Date, the district

court entered an Opinion and Order granting the SEC's summary judgment motion in part,

finding Smith both primarily liable for fraud in connection with the two securities offerings and

also liable as a control person of Continental and Scioto.  (See Ex. E.)  A copy of the Opinion

and Order is attached hereto as Exhibit E.  Although the court scheduled a hearing date to

determine all matters relating to relief, the court did find, based on undisputed evidence, that

Defendants Smith, Continental and Scioto raised a total of $2,095,517, the exact amount sought

by the SEC in its motion for summary judgment.  (See Ex. E, pp. 3-5).

On September 30, 2005, still approximately three weeks prior to the Petition Date, the

SEC, Smith and the rest of defendants in the SEC's civil action jointly filed a proposed Final

Pre-Trial Order, a copy of which is attached hereto as Exhibit F.  In that Final Pre-Trial Order,

the SEC again set forth its request for an order finding Smith jointly and severally liable for

disgorgement of ill-gotten proceeds from the Continental and Scioto offerings in the aggregate

amount of $2,095,517. (See Ex. F, pp. 10-11).  Smith did not dispute this amount in the Final

Pre-Trial Order, nor did he dispute the legal basis on which the SEC sought disgorgement against

Smith in this amount based on the court's prior fraud findings.  (See Ex. F, p. 20.)

Thereafter, on December 6, 2005, Smith stipulated and agreed to the precise amount of

disgorgement that had been sought all along by the SEC, $2,095,517, along with the precise

amount of prejudgment interest and civil penalty sought by the SEC.  A copy of this stipulation

is attached hereto as Exhibit G.

On December 6, 2005, pursuant to that stipulation, the district court entered a final

judgment ordering Smith, jointly and severally, to pay disgorgement in the amount of

$2,095,517, the precise amount that the SEC had been seeking all along and that Smith did not

dispute, plus prejudgment interest thereon in the amount of $198,679, and a civil penalty in the

amount of $120,000.   A copy of the final judgment against Smith is attached hereto as Exhibit

H.

As is clear from the record in the SEC's civil enforcement action, the noncontingent,

liquidated amount of disgorgement sought by the SEC against Smith, was known by Smith

months before he filed his Chapter 13 petition, and was never actually disputed by Smith at any

time in the civil action. Indeed, such disgorgement amount was in fact imposed against Smith,

pursuant to a stipulation Smith personally signed, only six weeks after the Petition Date.

**DISCUSSION**

**I.       THE DEBTOR IS NOT ELIGIBLE FOR CHAPTER 13 RELIEF BECAUSE THE
         AMOUNT OF HIS NONCONTINGENT, LIQUIDATED DEBT EXCEEDS THE
         STATUTORY MAXIMUM.**

Smith does not satisfy the Chapter 13 eligibility requirements under Section 109(e).

Section 109(e) provides, in relevant part, that "[o]nly an individual . . . that owes on the date of

the filing of the petition, noncontingent, liquidated, unsecured debts of less than [$307,765][2] may

be a debtor under Chapter 13" of the Bankruptcy Code.  11 U.S.C. § 109(e).  As is discussed

below, the Commission's claim against Smith for disgorgement in the amount of $2,905,517 is

an unsecured, noncontingent, liquidated debt within the meaning of Section 109(e) of the

_____

[2]  Pursuant to Section 104 of Title 11, which periodically adjusts the dollar amount for this debt ceiling for
eligibility, the allowable debt limits for noncontingent, liquidated, unsecured debts permitted for Chapter 13 debtors
as of Smith's Petition Date was $307,765.  See Judicial Conference, 69 FR 8482-01 (Feb. 24, 2004).

4

Bankruptcy Code, as of the Petition Date, causing Smith to be ineligible for relief under Chapter

13 as it greatly exceeds the allowable debt limit for filing bankruptcy under Chapter 13.

A.      **The Commission's Claim is Noncontingent.**

A debt is noncontingent when all of the allegations upon which liability is based relate to

events that have already occurred.  See In re Knight, 55 F3d 231, 233 (7th Cir. 1995); In re

McGovern, 122 B.R. 712, 714 (N.D. Ind. 1989).  In this case, Smith's debt to the SEC was based

on conduct that occurred prior to August 11, 2004, more than one year before the Petition Date.

(See SEC Complaint, Ex. A).

B.      **The Commission's Claim is Liquidated.**

The Sixth Circuit has stated that "a claim is liquidated if its amount is readily

ascertainable."  See, e.g., SEC v. Pearson, 773 F.2d 751, 754 (6th Cir. 1985).  Accord U.S. v.

Verdunn, 89 F.3d 799 (11th Cir. 1996); In re Slack, 187 F.3d 1070, 1073 (9th Cir. 1999).   Here,

not only was the amount of the SEC's claim for disgorgement readily ascertainable as of the

Petition Date, but Smith has not disputed the amount.   As is made clear in the pre-petition,

jointly-filed, proposed Final PreTrial Order (Ex. F), Smith did not dispute either the amount

raised in the two offerings ($2,095,517) or the legal basis for the SEC's claim that Smith should

be held liable for disgorgement of the proceeds of these offerings based on the district court's

findings of fraud and control person liability against Smith set forth in its September 27, 2005

Opinion and Order, which granted the SEC summary judgment as to liability.  Indeed, shortly

after the Petition Date, Smith stipulated to the entry of a judgment for disgorgement in the

precise amount sought by the SEC (and not disputed by Smith) in the Final Pretrial Order.  The

Court thereupon entered a final judgment ordering Smith to pay disgorgement in the amount of

$2,095,517.  Finally, Smith even conceded in his bankruptcy schedules that the SEC's claim was

undisputed, as he failed to check the box for "disputed" corresponding to the SEC's claim in his

schedules, even as he checked, albeit improperly, the boxes for "contingent" and "unliquidated."

(See Schedule F, "Creditors Holding Unsecured, Non-Priority Claims," filed by Smith on Oct.

28, 2005 (Docket No. 7)).

The Sixth Circuit has observed that Chapter 13 relief is reserved for the "honest but

unfortunate debtor." In re Alt, 305 F.3d 413, 422 (6th Cir. 2002). In this case, Smith does not

meet the test. He not only has failed to meet the eligibility requirements for relief under Chapter

13, but he also failed to properly schedule the SEC's claim, even though he knew the exact

amount sought by the SEC and did not dispute it. Whether this Court finds that Smith acted in

bad faith or not by failing to list the amount of the SEC's claim in his schedules, the simple fact

remains that Smith's disgorgement obligation to the SEC of $2,095,517 was, as of the Petition

Date, a noncontingent and liquidated, unsecured debt far in excess of the liability limits for

Chapter 13 relief. Accordingly, Smith is not eligible for relief under Chapter 13. See Id. at 422

(noting that among the grounds for bankruptcy court's dismissal of debtor's Chapter 13 case was

debtor's failure to meet the eligibility requirements of Section 109(e)).

### Conclusion

WHEREFORE, for the reasons stated above, the Securities and Exchange Commission

requests that this Chapter 13 case be dismissed or converted to Chapter 7.

Dated:  February 13, 2006

/s/ Angela Dodd_____
Angela D. Dodd
IL Bar No. 6201068
Tel. No: 312-353-7400
dodda@sec.gov

/s/ Sonia Chae_____
Sonia A. Chae
IL Bar No. 6199271
Tel. No: 312-353-6269
chaes@sec.gov


/s/ Steven Levine_____
Steven J. Levine
IL Bar No: 6226921
Tel. No: 312-886-1774
levines@sec.gov

U.S. Securities and Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago IL 60604
Fax No. 312-353-7398

7

## CERTIFICATE OF SERVICE

I, Angela D. Dodd, do hereby certify that a copy of the foregoing CREDITOR
SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS OR CONVERT  BRADLEY T. SMITH'S CHAPTER
13 CASE was served on the parties that receive electronic notification in these proceedings, and,
with respect to the parties listed below,  I caused a copy to be sent by First Class Mail on this day
of  February 13, 2006.

## SERVICE LIST

Bradley Smith                                    Office of the U.S. Attorney
26 Nottingham Rd.                                303 Marconi Blvd.
Columbus, OH 43214                               Suite 200
                                                 Columbus, OH 43215

                                   /s/ Angela Dodd_____
                                   Angela D. Dodd
                                   for the Securities and Exchange Commission