**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 05-74493 |
| Bradley T. Smith, | : | Chapter 13 |
| Debtor. | : | Judge John E. Hoffman Jr. |

**DEBTOR'S RESPONSE TO THE SECURITIES AND EXCHANGE COMMISSION'S MOTION TO DISMISS OR CONVERT DEBTOR'S CHAPTER 13 CASE**

Now comes Bradley T. Smith, the Debtor, by and through counsel W. Mark Jump, and in response to the Securities and Exchange Commission's (SEC) Motion to Dismiss or Convert the Debtor's Chapter 13 case. *Docket No.* 23. The SEC's motion alleges that Debtor's debts exceeded the limitations set forth in 11 U.S.C. Section 109(e) and that Debtor did not act in good faith in scheduling and disclosing the SEC.

Debtor asserts that, on October 14, 2005, the petition date, the SEC's claim was both contingent and unliquidated; therefore, excluded from the claims used to calculate the debt limitations of Section 109(e).

In addition, Debtor, asserts that on October 28, 2005, he acted in good faith by listing the SEC's claim as unknown, contingent and unliquidated.

A memorandum in support of Debtor's response is attached to this response.

Respectfully Submitted,
*KOFFEL & JUMP*

/s/ W. Mark Jump
W. Mark Jump  (0062837)
Attorney for Debtor
2130 Arlington Avenue
Columbus, OH 43221
(614) 481-4480

## **MEMORANDUM IN SUPPORT**

The Debtor filed for bankruptcy protection pursuant to Chapter 13 of the United States Bankruptcy Code on October 14, 2005. As such, the inquiry of whether the SEC's claim should be included in evaluating the Debtor's eligibility under § 109(e) is limited to the status of the SEC's claim on the petition date. Further, the Debtor's good faith assessment and disclosure of the SEC's claim is limited to the SEC's claim only on the October 14, 2005, petition date. *See In re Pearson*, 773 F.2d 751, 758 (6th Cir. 1985); *see also In re Rohl*, 298 B.R. 95, 100 (Bankr. E.D.Mich. 2003). Therefore, it would be contrary to law to use the December 6, 2005, post petition Stipulations of the Parties *(Ex. G, Docket No. 24)* or the December 6, 2005, post petition District Court Final Judgment *(Ex. H, Docket No. 24)* in order to conclude either of the following: (1) that the SEC's claim was non-contingent and liquidated and, therefore, includable in the Section 109(e) debt limitations or, (2) that the Debtor lacked good faith in his disclosure of the SEC's claim. In both instances, the only information pertaining to the SEC's claim that is relevant to the SEC's Motion before this Court is that information which was available on the October 14, 2005, petition date. In order to grant the SEC its Motion, this Court would have to essentially relate back post petition adjudications and information to the petition date. There is no foundation in fact or law for such an approach. *See In re Pearson*, 773 F.2d 751, 758 (6th Cir. 1985).

## **The SEC's Claim was Contingent at the Petition Date**

On the October 14, 2005, petition date the SEC's claim was contingent and, as such, should not be included in determining the Debtor's Section 109(e) eligibility. *See* 11 U.S.C. § 109(e). Contingent debts are "claims which depend either as to their existence or their amount

on some future event which may not occur at all or may not occur until some uncertain time." *In re Carpenter,* 79 B.R. 316, 319 (Bankr.S.D.Ohio,1987)(*citation omitted*). On the petition date, the SEC's claim or right to payment, as defined in Section 101(5), depended on the post-petition determination of what remedies <u>if any and in what amount</u> should be imposed against the Debtor personally. *See Stipulations of the Parties, Ex. G,* p. 1. *Docket No.* 24 (December 6, 2005) (*stating that* "The Court has scheduled trial to commence on December 6, 2005 to determine, what remedies, *if any*, should be imposed against each of the defendants based on its findings.")(*emphasis added*); *see also Final Pretrial Order, Ex. F,* p. 21, *Docket No.* 24 (September 30, 2005) (*stating that* among the remaining contested issues of fact to be determined by the District Court in the post-petition evidentiary hearing set for December 6, 2005, was the issue of whether it was proper to impose against Bradley Smith any of the remedies sought by the SEC, and if so, in what amount); *see also Final Judgment As To All Defendants, Ex. H*, p. 2, *Docket No.* 24("AND WHEREAS the Court having scheduled an evidentiary hearing to determine what remedies should be entered against each of the Defendants"). Additionally, the SEC's claim was contingent because, as the plaintiff in the underlying suit, the SEC bore the burden of proving that each of the remedies sought— permanent injunction, civil penalties, disgorgement, and interest—and that the specific amounts were justified. *See In re Hughes,* 98, B.R. 784, 788 (Bankr. S.D.Ohio, 1989).

Therefore, regardless of any post-petition resolution of the SEC's claim, at the petition, date the SEC's claim was contingent because the District Court had not yet entered an order fixing and awarding the SEC a right to payment of a monetary remedy. *See Id.*; *see also In re Pearson*, 773 F.2d 751, 758 (6th Cir. 1985); *see also* 11 U.S.C. § 101(5)(A)(claim means a right to payment…).

### **SEC's Claim was Unliquidated at the Petition Date**

On the October 14, 2005, petition date the SEC's claim remained unliquidated because, on said date, the amount of the SEC's claim was not readily ascertainable and was held to be determinable <u>only after a full evidentiary hearing before the District Court</u>. *See In re Pearson,* 773 F.2d 751, 754—56 (6th Cir. 1985). The Sixth Circuit Court in *Pearson*, held that the fact that an evidentiary hearing must be taken in order to determine the amount of a claim indicates that, until the conclusion of the evidentiary hearing, that claim is unliquidated. *Id.* In the case underlying the SEC's claim, the District Court, after reading all of the pleadings submitted by both parties refused to rule on the appropriateness of the SEC's requested remedies. Instead, the District Court held that it was necessary to conduct an evidentiary hearing in order to determine what remedies if any would be imposed on the each of the five (5) defendants. *See Opinion and Order, Ex. E*, p. 21, *Docket No.* 24; *see also Stipulations of the Parties, Ex. G,* p. 1, *Docket No.* 24; *see also Final Judgment As To All Defendants, Ex. H*, p. 2, *Docket No.* 24. In fact, on the petition date the appropriateness and amount of every remedy sought by the SEC was held, by the District Court, to be contested issues of fact to be determined at the conclusion of a full evidentiary hearing. *See Final Pretrial Order, Ex. F*, p. 21, *Docket No.* 24; *see also See Stipulations of the Parties, Ex. G,* p. 1, *Docket No.* 24; *see also District Court Opinion and Order, Ex. E,* p. 21, *Docket No.* 24; *see also Final Judgment As To All Defendants, Ex. H*, p. 2, *Docket No.* 24. Said hearing being scheduled to begin almost two (2) months after the petition date. Furthermore, part, if not all, of the monetary damages sought by the SEC were punitive and not compensatory because the underlying action was a civil enforcement action brought by the SEC, and the District Court did not require the SEC to prove that the investors had actually

detrimentally relied on the defendants' allegedly inaccurate written statements. *See District Court Opinion and Order, Ex. E,* p. 12, *Docket No.* 24. Nevertheless, a decision whether to award punitive damages and in what amount is always up to the court's discretion. As a result, at the petition date it was impossible to determine, with the required degree of legal certainty, whether the District Court was going to award the SEC the type and amount of punitive damages it sought, and if so, in what amount. *See In re Hughes,* 98, B.R. 784, 788 (Bankr. S.D.Ohio, 1989).

Therefore, the amount of the SEC's claim was unliquidated at the petition date because to argue otherwise, at this late stage, is tantamount to arguing that the District Court, which had this case on its docket for months, was wrong when it concluded that an evidentiary hearing was necessary to determine the appropriate type and/or amount of remedies, if any, that should be imposed on the Debtor. *Id.*

### **Debtor Acted in Good Faith in listing the SEC's Claim as Unknown, Contingent and Unliquidated**

Debtor was justified and acted in good faith on October 28, 2005 when he listed the amount of the SEC's unsecured, contingent and unliquidated claim as "unknown" because it was not readily ascertainable at the petition date. *See In re Rohl,* 298 B.R. 95, 100 (E.D. Mich. 2003). Additionally, the fact that the claim was reduced to a sum certain on December 6, 2005, through a post-petition conditional stipulation does not retroactively render the Debtor's schedules as being filed in bad faith for the reason that, as mentioned above, the Debtors good faith is determined as of the petition date. *See In re Pearson,* 773 F.2d 751, 758 (6th Cir. 1985); *see also In re Rohl,* 298 B.R. 95, 100 (E.D. Mich. 2003). Similarly, the Debtor's decision to not

categorize the SEC's claim as "disputed" is immaterial for Section 109(e) purposes, since Section 109(e) only requires that the debt be contingent and/or unliquidated for said claim to be excluded from the determination of whether the Debtor meets or exceeds the Chapter 13 debt limitations.  *See In re Hughes,* 98, B.R. 784, 788 (Bankr. S.D.Ohio, 1989).

**WHEREFORE,** the Debtor, for the reasons herein, respectfully requests that the SEC's Motion *(Docket No. 23)* not be granted.

                                                         Respectfully Submitted,

                                                         *KOFFEL & JUMP*

                                                           /s/ W. Mark Jump
                                                    W. Mark Jump  (0062837)
                                                    Attorney for Debtor
                                                    2130 Arlington Avenue
                                                    Columbus, OH 43221
                                                    (614) 481-4480

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 05-74493 |
| Bradley T. Smith, | : | Chapter 13 |
| Debtor. | : | Judge John E. Hoffman Jr. |

**NOTICE AND CERTIFICATE OF SERVICE**

Notice is hereby given that on March 6, 2006 the Debtor filed a copy of this Response with the Court. Also, pursuant to the Court's February 23, 2006 Order, the Securities and Exchange Commission shall have seven (7) days after service of a copy of this Response to file a reply. The undersigned certifies that a copy of the Debtor's Response was served by ordinary mail this date on the parties whose names and full addresses are listed below.

DATE:     March 6, 2006           /s/ W. Mark Jump
                                  W. Mark Jump  (0062837)
                                  Attorney for Debtor
                                  2130 Arlington Avenue
                                  Columbus, OH 43221
                                  (614) 481-4480

SERVED ON:

Frank M. Pees, Trustee          Office of the U.S. Trustee
130 E. Wilson Bridge Rd.        170 N. High Street
Suite 200                       Suite 200
Columbus, Ohio 43085            Columbus, Ohio 43215

Bradley T. Smith                Sonia A. Chae
26 Nottingham Rd.               U.S. Securities and Exchange Commission
Columbus, OH 43214              175 W. Jackson Blvd. Suite 900
                                Chicago IL. 60604

Angela Dodd
U.S. Securities and Exchange Commission
175 W. Jackson Blvd. Suite 900
Chicago IL. 60604

Steven Levine
U.S. Securities and Exchange Commission
175 W. Jackson Blvd. Suite 900
Chicago IL. 60604